590 So.2d 854 (1991)
Cheryl JOHNSON (Pauper), Plaintiff-Appellant,
v.
LA. DEPARTMENT OF HEALTH & HUMAN RESOURCES, Defendant-Appellee.
No. 90-680.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1991.
*855 Alex Chapman, Ville Platte, for plaintiff-appellant.
Stafford, Stewart & Potter, Kay Michiels, Alexandria, for defendant-appellee.
Before FORET, STOKER and DOUCET, JJ.
DOUCET, Judge.
Plaintiff appeals a judgment of the trial court terminating her worker's compensation benefits, rejecting the payment of certain medical expenses, and denying penalties and attorney's fees. We affirm.
The plaintiff, Cheryl Johnson, was injured when, during the course and scope of her employment at Pinecrest State School, she slipped and fell, injuring her left knee. Sometime after the accident, she complained of back pain which she likewise related to the accident. She was paid weekly worker's compensation benefits from the date of the accident on September 15, 1986, through October 16, 1988, for a total of $11,846.94. Additionally, $2,915.79 was paid for medical bills and treatment. Her employer, the Department of Health and Human Resources, applied to the director of the Office of Worker's Compensation to review the claim and issue a recommendation. After a review, the O.W.C. recommended that her weekly benefits be terminated. The plaintiff rejected the recommendation and filed suit.
The plaintiff asserts as error the trial court's determination that she failed to carry her burden of proof that she was entitled to worker's compensation benefits and payment of medical bills. She also appeals as error the trial court's denial of penalties and attorney's fees. Finding no manifest error, we affirm the judgment of the trial court.
On the day of the accident, Cheryl was seen by her family physician, Dr. A. John Tassin. Dr. Tassin's deposition and narrative report introduced into evidence reveal that X-rays were taken that showed no fractures in either her back or her left knee. However, an examination revealed some tenderness and decreased range of motion of her lumbar spine and left knee.
Dr. Tassin referred the plaintiff to an orthopedic surgeon, Dr. Arthur Flick. Dr. Flick followed the plaintiff from September 16, 1986, through November 25, 1986, for complaints of left knee pain and later complaints of low back pain. He examined the plaintiff a total of five times. His initial diagnosis was a contusion or soft tissue injury to the left knee. Dr. Flick's deposition reveals that during his contacts with the plaintiff, he made no objective finding to substantiate or explain her complaints. In his opinion, the knee contusion should have resolved by November 25, 1986. The plaintiff refused further treatment from Dr. Flick when he suggested that there was no basis for her complaints and recommended psychiatric treatment.
Although the plaintiff refused to return to Dr. Flick, she continued seeing Dr. Tassin. He treated her for migraine headaches, urinary tract infections, a vaginal cyst, flu, sinus infections, and colds. He prescribed fluid pills, diet pills, nerve medication, sleeping pills, and antibiotics.
At the request of the defendant, the patient was examined by Dr. Ray Beurlot, an *856 orthopedic surgeon. Her primary complaints to him were of back and left knee pain.
The trial judge, a fact finder, has the function of assessing the weight to be accorded competent medical testimony. Durgin v. Oilfield Enterprises, Inc., 476 So.2d 562 (La.App. 3rd Cir.1985). The testimony of a specialist in a certain field is entitled to greater weight than that provided by other medical experts when the subject at issue concerns the particular field of the specialist's expertise. Id.
The trial judge concluded that the plaintiff had not proven her case by a preponderance of evidence necessary to justify an award of further compensation benefits. In his reasons for judgment, the trial judge said:
"All of the evidence would point to the fact that by the middle of October 1988, plaintiff had completely recovered from any injuries that she may have sustained as result of the apparent work related accident except for the possibility of the medical evidence emanating from Doctor A. John Tassin, Jr., which was so vague and indefinite as to render its probative value virtually useless. What apparently happened was that Doctor Tassin has been seeing this plaintiff off and on for a number of years for various complaints, and was simply unable to pinpoint any specific diagnosis...."
The findings of a trial judge are entitled to great weight, and are not to be disturbed except on a showing of manifest error. Durgin, supra. We find no error in the trial court's ruling.
The plaintiff asserts as error the trial judge's refusal to order the reimbursement of certain medical and pharmaceutical expenses allegedly attributable to the work related accident.
During the trial, the plaintiff introduced and filed into evidence a medical bill from Dr. Tassin, and pharmacy bills from Eastin Pharmacy and Blake's Family Pharmacy. No specific dollar amount was ever stipulated during the trial. The testimony of Paul Badders, adjuster for the Office of Risk Management, established that the bills were not paid because they could not be related to the work related accident. After numerous attempts, the State finally obtained a narrative medical report from Dr. Tassin. At the trial, the defendant urged that this report was inconclusive and ambiguous, and that the plaintiff failed to establish a relationship between the treatment and medications being prescribed by Tassin to the work related accident. As mentioned above, the trial judge stated in his reasons for judgment that Dr. Tassin's report "... was so vague and indefinite as to render its probative value virtually useless."
Just as is the burden of proof of disability, the burden of proving the causation and relationship of medical expenses in a worker's compensation case is on the plaintiff. Dubois v. Diamond M Co., 559 So.2d 777 (La.App. 3rd Cir.1990). The plaintiff is entitled to recover only those medical and pharmaceutical expenses associated with the treatment of her work related accident. We find no error in the trial court's conclusion that the plaintiff failed to prove a relationship between these medical expenses and her work related accident.
The judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.